IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLAYTON MORRIS, | ) | CASE NO. 1:19 CV 2467 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| JAMES WISE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |

This matter is before the Court on Defendants, James Wise and Holton-Wise Property Group, LLC's Motion for Attorney Fees, pursuant to Fed. R. Civ. P. 11 and 54. (ECF # 30). Plaintiff filed an Opposition to Defendants' Motion, and Defendants' filed a Reply in support. (ECF #32, 33). The issues have now been fully briefed, and are ready for disposition.

**Procedural and Factual History**

Plaintiff brought suit against the Defendants in this case alleging unauthorized use of his copyrighted photograph, name, likeness, and voice. Mr. Morris claimed that Defendants sent out an email blast in 2019 to promote their YouTube show *Landlords from Hell,* which included a copyrighted photograph portraying him overlaid with the phrase "Is Clayton Morris a Fraud,"

and the hashtag "ThisIsHoltenWise." He claimed the same image appeared on a video thumbnail published on the Defendants YouTube channel. In addition, Mr. Morris alleged that Defendants published a video including his voice, name, and likeness, without his permission; and, sold T-shirts bearing his name. Based on these allegations, Mr. Morris brought claims for copyright infringement, misappropriation, violation of his right to privacy, common law trademark infringement, wiretapping, and unfair competition.

This court dismissed his federal copyright infringement claim because the allegedly infringing use was clearly transformative, and the facts alleged in the Complaint overwhelmingly supported a finding of fair use. The Court dismissed all claims based on Pennsylvania law after finding that Ohio law applied, and dismissed all Ohio claims for failure to state a cause of action. Defendants now seek attorneys' fees and costs for the entire action pursuant to 15 U.S.C. § 1117(a)(3), and 17 U.S.C. § 505, and/or as sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. §1927 for unreasonable litigation conduct.

### Analysis

Section 1117(a)(3) of the Lanham Act sets forth the parameters for the assessment of fees in an action based on the infringement of a federally registered trademark. Defendants may not recover attorney fees or costs under 15 U.S.C. § 1117(a)(3) because Plaintiff did not allege the violation of a federally registered trademark. Therefore, the Lanham Act has no application. Further, Defendants have failed to prove that they adhered to the specific conditions precedent required for the filing of a Rule 11(c)(2) motion, or that the procedural requirements for such a request have been met. Thus, the Court will not impose sanctions

under Fed. R. Civ. P. 11.

This leaves Defendants with two possible methods of obtaining the relief they seek, the application of 17 U.S.C. § 505, and/or an award of sanctions under 28 U.S.C. §1927. Copyright law provides for the award of reasonable attorney fees to a prevailing party under 17 U.S.C. §505. Recovery is not automatic, rather, courts have "wide latitude to award attorney's fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). A district court is to give "'substantial weight' to the reasonableness of a losing party's litigating position while also considering other relevant circumstances." *Id.* at 1989.

In this case, although the Court granted Defendants' Motion to Dismiss, finding that the image at question was fair use, the Plaintiff appears to have had a legitimate concern and had a non-frivolous legal argument on which to base his copyright case. In addition, the Complaint raised other, non-copyright, claims that were closely intertwined with the facts and legal issues present in the copyright claim.[1] The Defendants have made no showing that the inclusion of the copyright claim added significantly to the overall expenditures they faced in defending the case as a whole. For these reasons, the Court declines to award attorney fees to Defendants under 17 U.S.C. § 505.

Defendants also seek fees as a sanction under the Court's inherent power to sanction bad

---

[1] Aside from the copyright claim, Plaintiffs brought causes of action for common law trademark infringement, right of publicity, right of privacy, wiretapping, and unfair competition. Having legitimate arguments for the application of both, Plaintiff brought claims under Ohio and Pennsylvania law. Although the Court ruled that Ohio had a more significant relationship to the case overall, certain factors did weigh in favor of Pennsylvania. The Pennsylvania claims were not addressed on the merits.

faith, vexatious, or wanton conduct in litigation, pursuant to 28 U.S.C. §1927. The Court finds insufficient grounds for any such sanctions in this case. "A plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim was groundless at the outset or that the plaintiff continued to litigate after it clearly became so." *Wilson-Simmons v. Lake Cnty. Sheriff's Dep't*, 207 F.3d 818, 823 (6th Cir. 2000). Though Plaintiff's case was not strong enough to survive a motion to dismiss, it was not clearly groundless at the outset. Further, the claims generally failed, not for lack of any factual basis, but based on a legal finding or interpretation that voided the cause of action.[2]

For all of the reasons set forth above, Defendants' Motion for Attorney Fees is DENIED. (ECF #30). IT IS SO ORDERED.

*[signature: Donald C. Nugent]*

DONALD C. NUGENT

Senior United States District Judge

DATED: May 13, 2020

---

[2] Defendants do not dispute that they did use an image that is now copyrighted to the Plaintiff, as well as Plaintiff's likeness, name, voice, and statements without his permission.